EXAMINER AND INSPECTOR — DISTRICT ATTORNEY — DUTIES The State Examiner and Inspector upon discovery of any irregularity or dereliction on the part of a public officer should call it to the attention of the District Attorney of the county or counties wherein the officer serves. The District Attorney upon receipt of the conclusions of the audit must review the evidence presented to determine whether or not there is evidence sufficient to obtain a conviction. If the District Attorney refuses to institute a prosecution, he must forthwith report to the Governor and the State Examiner and Inspector the reasons upon which he bases his conclusion that no charges should be filed. Until the District Attorney makes a determination that no charges should be filed and reports to the Governor and State Examiner and Inspector in writing of that conclusion, the District Attorney must report in writing to the Governor and the State Examiner and Inspector at least once every sixty (60) days as to his reason or reasons for not instituting a prosecution. This situation could arise where further investigation is necessary to acquire the evidence upon which to seek a conviction. If the District Attorney determines that the conclusions of the audit by the State Examiner and Inspector reveal that a misdemeanor or felony charge should be filed in one of the counties of his District Attorney's district, the State Examiner and Inspector, if requested by the District Attorney, should make himself available for the signing of an information and, thereafter, the State Examiner and Inspector should make himself and his employees available to testify in support of the allegations contained in the information. It is further the opinion of the Attorney General that your second question be answered in the following manner: The "report" required of the District Attorney in 74 O.S. 224 [74-224] (1971) may be in the form of a letter addressed to the Governor and State Examiner and Inspector and the letter should detail the legal reasons for the District Attorney's failure to initiate a prosecution. That portion of Section 224 requiring the District Attorney to make continuing written reports every sixty (60) days "until . . . he refuses to file such action" contemplates a detailed written statement by the District Attorney of his legal reasons for continuing the decision to file or not file criminal charges beyond sixty (60) days. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. What are the duties and responsibilities of the State Examiner and Inspector and the District Attorney under the provisions of 74 O.S. 223 [74-223], 74 O.S. 224 [74-224] and 74 O.S. 225 [74-225] (1971)? 2. What should be the form and content of the reports required of the District Attorney if he fails or refuses to institute a prosecution as provided in the above-mentioned sections? Title 74 O.S. 223 [74-223] (1971) provides: "When any regular or special audit by the State Examiner and Inspector of the books, records and accounts of any state or county officer, board or commission reveals irregularities or dereliction in the receipt or disbursement or management of public funds or property which are grounds for prosecution, it shall be the mandatory duty of the State Examiner and Inspector to forthwith prosecute such officers or such members of such boards and commissions through regular channels in some court of competent jurisdiction. Whenever the State Examiner and Inspector institutes such prosecution, he shall immediately file a report with the Governor setting forth in detail the action he has taken and the irregularities or derelictions upon which the prosecution is based." Title 74 O.S. 224 [74-224] (1971) provides: "If any county attorney fails or refuses to file an action within sixty (60) days after prosecution is instigated by the State Examiner and Inspector as provided in Section 1 of this act, he shall file a report in writing with the Governor and the State Examiner and Inspector setting forth in detail the reasons for his failure or refusal to file such action. Until such county attorney reports to the Governor and the State Examiner and Inspector in writing that he refuses to file such action, he is hereby directed to file a written report with the Governor and State Examiner and Inspector at least once in every sixty (60) days, setting forth in detail the reason or reasons for his failure to file such action." Title 74 O.S. 225 [74-225] (1971) provides: "The reports required by this act are in addition to all other reports required by law to be made, and shall be public records." On October 20, 1959, the Attorney General issued an opinion to the Honorable John M. Rogers, State Examiner and Inspector, which encompassed the basic subject matter of your present opinion request. The State Examiner and Inspector made inquiry as to the meaning of the phrase "to forthwith prosecute such officers or such members of such boards or commissions through regular channels in some court of competent jurisdiction." That opinion, a copy of which is attached hereto, should be reaffirmed as a viable statement of the law as contained in the above quoted sections and is dispositive of your first question. Your second question involves the contents of the reports to be submitted by the District Attorney upon his failure or refusal to initiate a prosecution. The "report" may be in the form of a letter addressed to the Governor and State Examiner and Inspector and the letter should detail the legal reasons for his failure or refusal to initiate a prosecution. For instance, if the District Attorney is of the opinion that the evidence supplied him by the State Examiner and Inspector is not sufficient to obtain a conviction, his report should so state. The portion of Section 224 requiring the District Attorney to make continuing written reports "until . . . he refuses to file such action" contemplates a detailed written statement by the District Attorney of his legal reasons for continuing the decision to file or not file criminal charges beyond sixty (60) days. This situation could arise where further investigation is necessary to acquire the evidence upon which to seek a conviction. It is, therefore, the opinion of the Attorney General that your first question be answered in the following manner: The State Examiner and Inspector upon discovery of any irregularity or dereliction on the part of a public officer should call it to the attention of the District Attorney of the county or counties wherein the officer serves. The District Attorney upon receipt of the conclusions of the audit must review the evidence presented to determine whether or not there is evidence sufficient to obtain a conviction. If the District Attorney refuses to institute a prosecution, he must forthwith report to the Governor and the State Examiner and Inspector the reasons upon which he bases his conclusion that no charges should be filed. Until the District Attorney makes a determination that no charges should be filed and reports to the Governor and State Examiner and Inspector in writing of that conclusion, the District Attorney must report in writing to the Governor and the State Examiner and Inspector at least once every sixty (60) days as to his reason or reasons for not instituting a prosecution. This situation could arise where further investigation is necessary to acquire the evidence upon which to seek a conviction. If the District Attorney determines that the conclusions of the audit by the State Examiner and Inspector reveal that a misdemeanor or felony charge should be filed in one of the counties of his District Attorney's district, the State Examiner and Inspector, if requested by the District Attorney, should make himself available for the signing of an information and, thereafter, the State Examiner and Inspector should make himself and his employees available to testify in support of the allegations contained in the information. This analysis is dispositive of your first question. It is further the opinion of the Attorney General that your second question be answered in the following manner: The "report" required of the District Attorney in 74 O.S. 224 [74-224] (1971) may be in the form of a letter addressed to the Governor and State Examiner and Inspector and the letter should detail the legal reasons for the District Attorney's failure to initiate a prosecution. That portion of Section 224 requiring the District Attorney to make continuing written reports every sixty (60) days "until . . . he refuses to file such action" contemplates a detailed written statement by the District Attorney of his legal reasons for continuing the decision to file or not file criminal charges beyond sixty (60) days. (Michael Cauthron)